LAWRENCE J. HILTON (Bar No. 156524)
Email: lhilton@onellp.com
ALEC P. SCHULMAN (Bar No. 336491)
Email: aschulman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff,
NEW HIGH LIMITED

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEW HIGH LIMITED, a Hong Kong corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DAVID LALWANI, an individual; SEBASTIAN MARIA SCHILDHORN, an individual; and BLIZZARD SA, INC., a California corporation,<br><br>　　　　Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br>**(1)  PROMISSORY FRAUD;**<br>**(2)  FRAUDULENT TRANSFER – ACTUAL FRAUD (CAL. CIV. CODE § 3439.04(a); AND**<br>**(3)  FRAUDULENT TRANSFER – CONSTRUCTIVE FRAUD (CAL. CIV. CODE § 3439.04(a))**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

For its complaint against Defendants David Lalwani, Sebastian Maria Schildhorn, and Blizzard SA, Inc., Plaintiff New High Limited ("Plaintiff" or "New High") hereby alleges as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(2) in that the action involves a plaintiff that is a citizen of a foreign state, Hong Kong, and Defendant individuals that are citizens of the State of California and a Defendant company incorporated under the laws of the State of California, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

2.      This Court also has personal jurisdiction over the Defendants because each of the Defendants resides or has its principal place of business in this District.

3.      Venue is proper in this district under 28 U.S.C. section 1391(b)(2) because all defendants reside in this District, and venue is also proper under 28 U.S.C. section 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

## THE PARTIES

4.      Plaintiff New High Limited is a corporation organized and existing under the laws of Hong Kong, and having its principal place of business in Hong Kong.  New High is in the business of selling and exporting garments and textiles, including selling and exporting to businesses in the United States.

5.      Plaintiff is informed and believes, and on that basis alleges, that Defendant Blizzard SA, Inc. ("Blizzard") is a corporation organized under the laws of the State of California, having its principal place of business in Whittier, California.  Blizzard is therefore a citizen of the State of California.  At all times relevant to the matters alleged herein, Blizzard's Chief Financial Officer was Bill Li, who simultaneously held the position of Chief Financial Officer of Navpeak, Inc. ("Navpeak").

2

6.     Plaintiff is informed and believes, and on that basis alleges, that Defendant David Lalwani ("Lalwani") is an individual who resides and maintains his domicile in Orange County, California. Lalwani was at all times relevant to the matters alleged herein the General Manager of Navpeak, and a signatory on one or more of Navpeak's bank accounts.

7.     Plaintiff is informed and believes, and on that basis alleges, that Defendant Sebastian Maria Schildhorn ("Schildhorn") is an individual who resides and maintains his domicile in Orange County, California. Schildhorn was at all times relevant to the matters alleged herein the Chief Executive Officer of Navpeak, and a signatory on one or more of Navpeak's bank accounts.

## NEW HIGH'S JUDGMENT AGAINST NAVPEAK

8.     New High shipped garments to Navpeak for several years. For each transaction, Navpeak would issue a Production Order. The Production Orders included a description of the garments, the quantities, the unit price and the total price. The Production Orders also included the following venue and attorneys' fees provision: "California laws shall govern this order and the right and the obligations of the parties hereunder shall be in the Superior Court, County of Los Angeles of California. Prevailing party shall be entitled to all reasonable attorney fees and costs from litigation."

9.     Each time New High shipped products to Navpeak, New High provided Navpeak with an invoice (hereinafter, the "Invoices") that included information about the number of pieces shipped, a specific description of the goods, the unit price and total amount due, and payment instructions.

10.     Navpeak paid New High's invoices issued prior to September, 2020 in full. However, beginning with New High's invoices issued from and after September, 2020, New High began to fall into arrears on payments.

/ / /

/ / /

**COMPLAINT**

11.     By January, 2021, Navpeak was substantially in arrears on its obligations to New High, and New High was demanding immediate payment of a substantial portion of the unpaid balance.

12.     A shipment from New High to Navpeak was in transit to the port of Los Angeles on January 21, 2021.  On that date, Defendant Lalwani sent an email to New High's Operation Manager, Ka Hin Pi.  Mr. Lalwani's email purported to be a wire transfer confirmation from East West Bank showing a wire from Navpeak to New High in the amount of $40,000.

13.     Based on Mr. Lalwani's representation that $40,000 had been wired from Navpeak to New High, New High allowed the shipment at the Port of Los Angeles to be released to Navpeak.

14.     Mr. Lalwani's representation was false, and the wire confirmation was fabricated, as the wire transfer had not been made.  Because of longstanding prior relationships with Mr. Lalwani, New High relied reasonably on Mr. Lalwani's false representation and allowed the goods to be released to Navpeak, when it would not otherwise have released the goods without payment.

15.     New High duly submitted to Navpeak Invoices for each of the transactions reflected on the Navpeak A/R Statement, which Navpeak received without objection.  But Navpeak failed and refused to pay the subject Invoices, or any of them.

16.     On November 4, 2021, New High commenced an action in this Court entitled *New High Limited v. Navpeak, Inc., et al*., Case No. 8:21-cv-01843-JLS-KES (the "Navpeak Action").

17.     On August 19, 2022, the Court in the Navpeak Action entered a default judgment against Navpeak in the amount of $244,475.54 (the "Navpeak Judgment").

/ / /

/ / /

4

**COMPLAINT**

## POST-JUDGMENT DISCOVERY REVEALS THAT DEFENDANTS WERE SIPHONING NAVPEAK'S FUNDS, LEAVING NAVPEAK JUDGMENT-PROOF

18.     Following entry of the Navpeak Judgment, New High served subpoenas on several banks where Navpeak maintained accounts, including Bank of America, Wells Fargo Bank, JP Morgan Chase Bank and East West Bank.  In response to the subpoenas, each of the banks produced responsive documents.

19.     A review of the Navpeak bank account documents produced by the banks revealed that each of the Defendants received substantial sums of money from Navpeak's bank account shortly before and continuing well after Navpeak was refusing to pay New High's invoices.

20.     Moreover, the bank records reflect that Navpeak continued to issue Production Orders to New High at the direction of Defendants Schildhorn and Lalwani during the time that each of them were siphoning money into their personal accounts, leaving Navpeak unable to pay for the goods Navpeak ordered and received from New High, creating a strong inference that when Navpeak issued the Production Orders at the directions of Messrs. Lalwani and Schildhorn, it had no intention of ever paying for the goods.

## FIRST CLAIM FOR RELIEF

### (Promissory Fraud)

### (By Plaintiff against All Defendants)

21.     Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 20, inclusive.

22.     The last payment New High received from Navpeak was in early December 2020, and even after the payment was received, Navpeak was still in arrears on its Production Orders dating back to September 2020.

23.     From and after it made its final payment to New High, Navpeak, acting at the direction and under the control of Lalwani and Schildhorn, entered into a

5

**COMPLAINT**

series of written contracts with New High.  The written agreements were created by the issuance of additional Production Orders, which were accepted and performed by New High and which were the subject of invoices issued by New High but not paid, resulting in the unpaid balances that ultimately resulted in the Navpeak Judgment.

24.     Under the direction and control, and with the direct participation of Messrs. Lalwani and Schildhorn, Navpeak entered into the contracts referenced in the preceding paragraph with the intention not to perform the payment obligations under the contracts, and knowing that instead of paying New High for the goods New High provided under the contracts, Defendants Lalwani and Schildhorn would siphon funds from the Navpeak bank accounts to their own benefit.

25.     Defendants Lalwani and Schildhorn entered into the contracts with the intent to induce New High to supply the goods referenced in the Production Orders.

26.     New High, at the time the contracts were made and performed by New High, was ignorant of the Defendants' secret intention not to pay for the goods ordered from and delivered by New High, and New High could not, in the exercise of reasonable diligence, have discovered the Defendants' secret intention.

27.     In reliance on the Production Orders and promises of Navpeak (acting under the direction and control of Defendants Lalwani and Schildhorn), New High delivered the ordered goods as directed in the Production Orders, i.e., to Navpeak, and New High submitted invoices in accordance with each of the Production Orders.

28.     Had New High known that Defendants secretly intended to accept the goods and not have Navpeak pay the invoices, New High would not have delivered the goods.

29.     As a direct and proximate result of the fraudulent conduct of the Defendants as herein alleged, New High delivered goods to Navpeak for which was New High was intentionally not paid, resulting in damages in an amount to be proved at trial but at least $172,005.30, exclusive of interest and fees.

**COMPLAINT**

30.     The aforementioned conduct of the Defendants Lalwani and Schildhorn was, for each Production Order, an intentional misrepresentation, deceit, or concealment of a material fact known to the Defendants with the intention on the part of the Defendants of thereby depriving New High of property or legal rights or otherwise causing injury, and was despicable conduct that subjected New High to a cruel and unjust hardship in conscious disregard of New High's rights, so as to justify an award of exemplary and punitive damages.

## SECOND CLAIM FOR RELIEF

### (Fraudulent Transfer – Actual Fraud (Cal. Civ. Code § 3439.04(a))
### (By Plaintiff against All Defendants)

31.     Plaintiff realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 30, inclusive.

32.     As alleged above, during the time period leading up to Navpeak's payment defaults, and continuing through the period when Navpeak was ordering and receiving new goods from New High, hundreds of thousands of dollars were transferred from the Navpeak bank accounts to the personal accounts of Messrs. Lalwani and Schildhorn and into the account of Blizzard.

33.     Specifically, the initial transfers to Lalwani were made by Zelle transactions from Navpeak's account at Bank of America to Lalwani between August 19, 2020 and October 23, 2020, in the total amount of at least $43,550.

34.     Thereafter, between January 8, 2021 and June 15, 2021, at least $174,218.78 was transferred from Navpeak's account at East West Bank by Navpeak checks made out to "Cash" and signed by Lalwani, which were subsequently endorsed by and deposited or cashed by Lalwani.

35.     Between March 15, 2021 and June 21, 2021, at least $100,640 was transferred to Schildhorn through cash withdrawals Schildhorn made from Navpeak's account at Wells Fargo Bank.

**COMPLAINT**

36.     Between April 8, 2021 and June 21, 2021, the net sum of at least $134,000 was transferred from Navpeak's account at Wells Fargo Bank to Blizzard.

37.     New High is informed and believes, and on that basis alleges, that the transfers of money from the Navpeak bank accounts to Blizzard and to Messrs. Lalwani and Schildhorn were made with an actual intent to hinder, delay, or defraud New High in the collection of the amounts due under New High's Invoices issued to Navpeak.

38.     New High is informed and believes, and on that basis alleges, that no reasonably equivalent value was given in exchange for any of the transfers of funds from the Navpeak bank accounts to Blizzard and to Messrs. Lalwani and Schildhorn, and that the recipients of the transfers did not take the transfers in good faith.

39.     As a direct and proximate result of Defendants' conduct, New High was damaged in an amount to be proved at trial but at least $244,475.54, exclusive of interest and fees, the amount of the Navpeak Judgment that was uncollectable due to Defendants' conduct.

40.     The aforementioned conduct of Defendants was done with the intention of thereby depriving New High of property or legal rights or otherwise causing injury, and was despicable conduct that subjected New High to a cruel and unjust hardship in conscious disregard of New High's rights, so as to justify an award of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

### (Fraudulent Transfer – Constructive Fraud (Cal. Civ. Code § 3439.04(a))
### (By Plaintiff against All Defendants)

41.     New High realleges and incorporates by reference as though fully set forth herein the allegations of Paragraphs 1 through 40, inclusive.

42.     New High is informed and believes, and on that basis alleges, that the assets remaining under Navpeak's control after each of the transfers alleged above

8

**COMPLAINT**

were unreasonably small in relation to Navpeak's business and that Navpeak entirely failed and ceased to operate as a viable entity as a result of the unreasonably small remaining assets with which to carry on Navpeak's business.

43.     New High is further informed and believes, and on that basis alleges, that as to the above-described transfers made after Navpeak was in default of its payment obligations to New High, was insolvent at the time of the making of the transfer, or that the result of the making of each of the transfers was that Navpeak became insolvent in that at fair valuations, the sum of Navpeak's debts was greater than the sum of its assets and/or that Navpeak was generally not paying debts as they became due.

44.     New High is informed and believes, and on that basis alleges, that no reasonably equivalent value was given in exchange for any of the transfers of funds from the Navpeak bank accounts to Blizzard and to Messrs. Lalwani and Schildhorn, and that the recipients of the transfers did not take the transfers in good faith.

45.     As a direct and proximate result of Defendants' conduct, New High was damaged in an amount to be proved at trial but at least $244,475.54, exclusive of interest and fees, the amount of the Navpeak Judgment that was uncollectable due to Defendants' conduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff New High Limited prays for judgment against Defendants as follows:

1.     That Judgment be entered in favor of Plaintiff and against Defendants on all claims for relief alleged herein;

2.     On the First Cause of Action, for compensatory damages in an amount to be proved at trial, but in excess of $172,005.30, exclusive of interest and costs;

3.     On the Second and Third Causes of Action, that the transfers from Navpeak to Defendants Lalwani and Schildhorn be set aside and declared void as to

**COMPLAINT**

Plaintiff to the extent necessary to satisfy the Navpeak Judgment, plus interest thereon at the applicable rate;

4.     On the First and Second Causes of Action, for punitive damages to be proven at trial;

5.     For provisional remedies, including a right to attach order and writ of attachment;

6.     For prejudgment interest;

7.     For costs of suit herein and attorneys' fees as allowed by law; and

8.     For any further relief that the Court may deem just and proper.


Dated:  December 29, 2022          **ONE LLP**


                                   By: /s/ Lawrence J. Hilton
                                       Lawrence J. Hilton
                                       Alec P. Schulman
                                       Attorneys for Plaintiff,
                                       New High Limited

**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on all issues triable to a jury.


Dated:  December 29, 2022               **ONE LLP**


By: /s/ Lawrence J. Hilton
Lawrence J. Hilton
Alec P. Schulman
Attorneys for Plaintiff,
New High Limited

11
**COMPLAINT**